The defendant excepted to that part of the judgment which holds that John C. Pitchford took nothing under this clause of the will by reason of not complying with the condition imposed, and seeks to sustain his position on the ground that the condition requiring (16) in effect that John C. Pitchford should remain upon the property is one in restraint of alienation, and therefore the condition is void and the estate is good.
It is true that where an estate has vested, a condition in general restraint of alienation or entirely repugnant to its nature will be declared void. The doctrine is sound, but there is nothing in this case which permits its application. The will simply gave to John C. Pitchford, who resided in Mississippi, the privilege of coming back to North Carolina and taking the property, or of remaining where he was and receiving other benefits under its terms. He preferred, it seems, to remain in Mississippi and elected to take other property bestowed upon him by the will. The estate, therefore, never vested in him. This would seem to be an executory devise dependent on a contingency which did not occur.
Even if the qualifying clause should be correctly construed as a condition in restraint of alienation, it would be a condition precedent, and in such case the doctrine contended for by the defendant would have no application. Reeves on Real Property, secs. 418, 419 and 420.
The question is no longer of moment to the parties, as the opinion of the Court on the plaintiffs' appeal decides that the defendant is the owner of the property. There is
No error.
Cited: Perry v. Hackney, 142 N.C. 375; McSwain v. Washburn, 170 N.C. 364.